# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KIERA N. JOHNSON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>PH-315H-15-0123-I-1 |
| 　　　　v. | |
| SOCIAL SECURITY<br>　　ADMINISTRATION,<br>　　　　　　Agency. | DATE: September 1, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kiera N. Johnson, Tampa, Florida, pro se.

Ellen Rothschild, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency appointed the appellant to the career-conditional position of Social Insurance Specialist, effective May 18, 2014. Initial Appeal File (IAF), Tab 5 at 45. The position was subject to a 1-year probationary period. *Id*. at 45, 48, 50. Within that year, on November 14, 2014, the agency terminated the appellant's appointment, citing unacceptable conduct. *Id*. at 32-35.

¶3 The appellant filed an appeal of her probationary termination. IAF, Tab 1. Her filing referenced 5 U.S.C. § 2302(b)(8), (9), as well as the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA). *Id.* at 5. However, she did not provide specific allegations, such as an explanation as to how the agency may have violated those provisions of law.

¶4 Twice, the administrative judge issued orders directing the appellant to meet her jurisdictional burden of proof. IAF, Tab 2 at 1-5, Tab 6 at 1-6. The appellant failed to respond to either order. Therefore, based on the limited information in her initial pleading and the agency's file, the administrative judge

dismissed the appeal for lack of Board jurisdiction.[2]  IAF, Tab 7, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.[3]  The agency has filed a response.  PFR File, Tab 3.

¶5      In her petition, the appellant submits arguments and documentation that were not included in the record below, asserting that "documents supporting [her] initial appeal were not properly uploaded."  PFR File, Tab 1 at 3, 5-15, 20-44.  We find that the administrative judge properly dismissed the appeal for lack of Board jurisdiction.

¶6      The Board has jurisdiction over an individual right of action (IRA) appeal if the appellant exhausts her administrative remedies before the Office of Special Counsel (OSC) and makes nonfrivolous allegation that:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Although the appellant cited 5 U.S.C. § 2302(b)(8), (9) below, she presented no arguments or evidence as to the same in order to meet the aforementioned jurisdictional burden.  IAF, Tab 1 at 5.

¶7      For the first time on review, the appellant has presented evidence suggesting that she reported misconduct of coworkers to management, as well as allegations that this reporting may have contributed to her termination.  PFR File, Tab 1 at 5-15, 20-44.  However, even if we considered the new evidence and

---

[2] The appellant did not request a hearing.  IAF, Tab 1 at 2.

[3] The appellant labeled her pleading as a request to reopen an appeal dismissed without prejudice.  PFR File, Tab 1 at 1.  However, the initial decision did not dismiss the appeal without prejudice.  ID at 1, 4.  Therefore, the appellant's pleading has been construed as a petition for review.  PFR File, Tab 2 at 1.

arguments of purported reprisal for protected activity,[4] the appellant failed to prove, or even allege, that she exhausted her administrative remedies before OSC. Accordingly, to the extent that the appellant intended to bring an IRA appeal, she failed to meet her jurisdictional burden.

¶8        Next, the Board has jurisdiction over a USERRA claim if an appellant alleges that:  (1) she served in the military; (2) she was denied initial employment, reemployment, retention in employment, promotion, or a benefit of employment; and (3) the denial was due to her service in the military.  *Beck v. Department of the Navy*, 120 M.S.P.R. 504, ¶ 8 (2014).  Although the appellant cited USERRA below, she again failed to present any arguments or evidence as to the same.  IAF, Tab 1 at 5.  She has indicated that she has prior military service and she disputed the agency's decision to terminate her employment, generally. *See* IAF, Tab 1; PFR File, Tab 1.  However, she presented no support for her allegation, below or on review, that the agency's decision to terminate her employment was due to her military service.  Therefore, to the extent that the appellant intended to bring a USERRA claim, she again failed to meet her jurisdictional burden.

¶9        Finally, we note that the agency submitted evidence that the appellant was a probationary employee with less than 1 year of competitive service at the time of her termination, IAF, Tab 5 at 45, and the appellant failed to present any argument or evidence to the contrary.  Therefore, the record demonstrates that she was not an "employee" with statutory Board appeal rights under 5 U.S.C.

---

[4] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence or argument submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  However, the issue of the Board's jurisdiction is always before it, and may be raised by either party or sua sponte by the Board any time during a Board proceeding.  *Zajac v. Department of Agriculture*, 112 M.S.P.R. 160, ¶ 8 (2009).

chapter 75.  *See* 5 U.S.C. §§ 7511(a)(1), 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013).  In addition, the appellant has presented no argument or evidence that her termination was in any way related to marital status discrimination, partisan political reasons, or preappointment reasons.  Therefore, she does not have regulatory Board appeal rights under 5 C.F.R. § 315.805.  *See Walker*, 119 M.S.P.R. 391, ¶ 5.  Accordingly, we find that the appellant has presented no other basis for establishing jurisdiction over her probationary termination.  Based on the foregoing, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  See 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  See Pinat v. Office of Personnel Management, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  See 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the

Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.